FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 01 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BARBARA J. ZINNAMON and
DWIGHT DAVIDSON, JR.,

            Plaintiffs,

-against-

GLOBAL INVESTORS TRUST,
NELSON SETEN,

           Defendants.
----------------------------------------------------------x

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

12-CV-0276 (ARR)

ROSS, United States District Judge:

On January 17, 2012, plaintiffs Barbara J. Zinnamon and Dwight Davidson, Jr., appearing *pro se*, filed this action against defendants Global Investors Trust and Nelson Seten. Plaintiffs seek $120,010,000 plus an additional $10 million in damages. Compl. at ¶ IV. The court grants plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed as set forth below. Furthermore, plaintiffs Zinnamon and Davidson are directed to show cause, within 30 days, why the court should not impose a filing injunction on any future *in forma pauperis* filing as set forth below.

### I. Background

Plaintiffs' statement of claim, in its entirety, consists of the following:

> A. Is to allow the court to see the negligence of the company hesitant to fulfill the required written agreement as expected at the appropriate and necessary time frame.
>
> B. The claim arose approximately 09/28/2002 and thereafter via telephone and internet by way of money transaction on an agreement agent banking conversation. The defendant was to continue to contact by telephone and/or internet email and fail to do so. Defendant Nelson Seten, company Global Investors Trust.

Compl. at ¶ III.

Attached to the complaint is a letter dated September 28, 2002 from Global Investors Trust and signed by Nelson Seten regarding "Fund Release Claim of US $120.500.000.00 Only." It is addressed solely to Barbara J. Zinnamon and contains numerous grammatical errors.

## II. Standard of Review

In reviewing the complaint, the court is aware that plaintiffs are proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

A review of the complaint and attachments reveals the frivolous nature of plaintiffs' claim. Construed liberally, plaintiffs allege that defendants breached an agreement to deliver $120,500,000 to Barbara Zinnamon. Plaintiffs allege no additional facts in support of their claim with the exception of a copy of a Global Investors Trust letter addressed to Barbara Zinnamon, which presumably plaintiffs argue entitles them to $120,500,000.[1] The court finds that the attached letter

---

[1] As a threshold matter, the letter is addressed only to Barbara Zinnamon. There are no facts whatsoever alleged supporting any cause of action by plaintiff Davidson.

2

plainly provides no basis for recovery.

The letter does not include any promise to pay any amount to plaintiff Zinnamon; instead, the letter from Global Investors Trust requires that plaintiff Zinnamon provide "bank details," fill out and return a "form 07," and establish an "offshore account at PINNACLE BANK a fully offshore bank where you can have full access banking needs at no government taxes."[2] See Compl., Unmarked Exhibit, Letter dated September 28, 2002. The attached letter fails to establish any actual agreement between the parties or any other basis giving rise to an obligation to pay. To the contrary, the letter appears to be a transparent fishing attempt to elicit the recipient's bank information or to advertise their affiliated offshore banking services. Plaintiffs' complaint alleging they are entitled to over $120 million from defendants based on the attached ten-year old letter is utterly meritless and implausible under the standards set forth in Twombly, 550 U.S. at 570 and Iqbal, 129 S.Ct. at 1949.[3] The complaint filed against defendants is therefore dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## IV. Litigation History

Furthermore, plaintiffs are no strangers to this court and combined have filed over 25 meritless complaints, including the instant action. The following have been dismissed by this court

---

[2] The numerous grammatical errors and nonsensical nature of the attached letter raise serious doubts as to the letter's authenticity.

[3] Even if plaintiff Zinnamon reasonably believed that she was entitled to receive over $120 million from defendants, unlikely as it is, such a claim premised on a state law breach of contract theory, is almost certainly time-barred. The statute of limitations on a cause of action for breach of contract is six years, see N.Y.C.P.L.R. § 213(2), and begins to run when the breach occurs or when a party to the agreement fails to perform an obligation. Ely–Cruikshank Co., Inc. v. Bank of Montreal, 81 N.Y.2d 399, 599 N.Y.S.2d 501 (1993). Defendants allegedly failed to comply with their "agreement" dated September 28, 2002, yet this action was filed on January 17, 2012, over ten years later and well after the statute of limitations period had expired.

sua sponte as frivolous pursuant to 28 U.S.C. § 1915[4]:

| | |
|---|---|
| Zinnamon and Davidson v. Cablevision, | No. 11-CV-5975 (ARR) (failure to include complaint) |
| Zinnamon and Davidson v. NYC Dep't of Health | No. 11-CV-5974 (ARR) (failure to include complaint |
| Zinnamon for Davidson v. Verizon | No. 11-CV-5855 (ENV) (failure to include complaint) |
| Zinnamon and Davidson v. People | No. 11-CV-2378 (ARR) (lack of subject matter jurisdiction, appeal dismissed) |
| Zinnamon and Davidson v. Cablevision | No. 11-CV-2029 (ARR) (lack of subject matter jurisdiction) |
| Zinnamon and Davidson v. NYC Housing Police | No. 11-CV-2028 (ARR) (failure to state claim, appeal dismissed) |
| Zinnamon v. USPS | No. 10-CV-4795 (ARR) (failure to state a claim) |
| Zinnamon v. Cingular Wireless | No. 09-CV-5699 (ARR) (lack of subject matter jurisdiction, appeal dismissed) |
| Zinnamon and Davidson v. Sprint Wireless | No. 09-CV-5696 (CBA) (lack of subject matter jurisdiction, appeal dismissed) |
| Zinnamon v. Motorola | No. 09-CV-3824 (ARR) (lack of subject matter jurisdiction, appeal dismissed) |
| Zinnamon v. T-Mobile | No. 09-CV-3273 (ARR) (lack of subject matter jurisdiction, appeal dismissed) |
| Zinnamon o/b/o Davidson v. American Mail Order | No. 09-CV-2042 (ARR) (dismissed for unauthorized representation, appeal dismissed) |
| Zinnamon v. NYS Dep't of Educ. | No. 08-CV-5149 (ARR) (failure to state claim, appeal dismissed) |

---

[4]Many more meritless complaints by plaintiffs have been dismissed after minimal motion practice.

4

| | |
|---|---|
| Zinnamon v. NYCPD | No. 08-CV-2153 (ARR) (lack of subject matter jurisdiction, appeal dismissed) |
| Zinnamon v. Bank of New York | No. 06-CV-1805 (ARR) (re-litigation of identical prior claim) |

In addition to the aforementioned complaints, plaintiff Zinnamon has (a) filed numerous frivolous motions, amended complaints and correspondence in closed cases, (b) attempted to file complaints on behalf of her son, Dwight Davidson, Jr., and (c) been warned by the United States Court of Appeals for the Second Circuit against appearing on behalf of her son as she is not a licensed lawyer. Zinnamon v. American Mail Order, Mandate, No. 09-3383-cv (2d Cir. Dec. 18, 2009).

As a result, the court has expended substantial judicial time and resources to plaintiffs' patently meritless claims. Indeed, plaintiffs have engaged in a pattern of filing complaints in federal court without considering whether there is any basis on which to proceed under the court's limited jurisdiction.

Moreover, plaintiffs have received numerous warnings that their continued conduct would result in a filing injunction. See Zinnamon and Davidson v. Cablevision, No. 11-CV-5975 (ARR) (warning issued); Zinnamon and Davidson v. NYC Dep't of Health, No. 11-CV-5974 (ARR) (same); Zinnamon for Davidson v. Verizon, No. 11-CV-5855 (ENV) (same); Zinnamon and Davidson v. People of the City of New York, No. 11-CV-2378 (ARR) (complaint dismissed for lack of subject matter jurisdiction and warning issued); Zinnamon and Davidson v. Cablevision, No. 11-CV-2029 (ARR) (same); Zinnamon and Davidson v. NYC Housing Police, No. 11-CV-2028 (ARR) (complaint dismissed for failure to state a claim and warning issued); Zinnamon v. USPS, No. 10-CV-4795 (ARR), slip op. (E.D.N.Y. Jan. 28, 2011) (complaint dismissed and warning issued that the court may issue filing injunction); Zinnamon v. Cingular

Wireless, No. 09-CV-5699 (ARR), slip op. (E.D.N.Y. Jan. 4, 2010) (same); Zinnamon v Motorola, No. 09-CV-3824 (ARR), slip op. (E.D.N.Y. Sept. 11, 2009) (same); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR) slip op. (E.D.N.Y. Sept. 21, 2009) (adopting Report and Recommendation which included a warning that any future filing would subject Zinnamon to a filing injunction); Davidson v. Outstanding Bus Co., No. 08-CV-1786 (ARR) slip op. (E.D.N.Y. Sept. 21, 2009) (adopting Report and Recommendation which included a warning that any future filing would subject Davidson to a filing injunction).

### V. Order to Show Cause

"The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). In furtherance of this efficient administration of justice, a district court may enjoin parties "with a penchant for filing frivolous or vexatious claims" from filing further lawsuits upon notice and opportunity to be heard. Moates v. Barkley, 147 F.3d 207, 208-09 (2d Cir. 1998) (*per curiam*); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Iwachi v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993). 28 U.S.C. § 1651(a).

Accordingly, plaintiffs Zinnamon and Davidson having been duly forewarned and undeterred, the court now directs them to show cause, within 30 days, why an order barring them from filing any new *in forma pauperis* action without first obtaining leave of the court should

not be entered against them.[5]

## VI. Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiffs Zinnamon and Davidson shall file an affidavit in response to the order to show cause as set forth above <u>within 30 days</u> from the entry of this order. The affidavit must be made under penalty of perjury and signed by both plaintiffs before a notary public. If plaintiffs fail to file an affidavit within the time allowed or the affidavit fails to set forth a good faith basis for not imposing the filing injunction, an order enjoining plaintiffs Barbara J. Zinnamon (also known as Barbara Zinnamon) and Dwight Davidson, Jr. from filing any new *in forma pauperis* action without first obtaining leave of the court shall be entered. Entry of judgment shall be stayed for 30 days or until plaintiffs have filed an affidavit, whichever is earlier.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Allyne R. Ross/
_____
Allyne R. Ross
United States District Judge

Dated: February 1, 2012
Brooklyn, New York

---

[5] The court notes that plaintiff Zinnamon is already required to petition the United States Court of Appeals for leave to appeal prior to filing any appeals. See <u>Zinnamon v. NYS Dep't of Educ.</u>, Mandate, No. 09-0493-mv (2d Cir. Aug. 21, 2009).

SERVICE LIST:

**Plaintiffs:**

Barbara J. Zinnamon
345 Livonia Avenue
#4F
Brooklyn, NY 11212

Dwight Davidson, Jr.
345 Livonia Avenue
Brooklyn, NY 11217