FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 17 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BARBARA J. ZINNAMON and
DWIGHT DAVIDSON, JR.,

                Plaintiff,

-against-

GLOBAL INVESTORS TRUST,
NELSON SETEN,

                Defendants.
----------------------------------------------------------x

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

12-CV-0276 (ARR)

ROSS, United States District Judge:

On January 17, 2012, plaintiffs Barbara J. Zinnamon and Dwight Davidson, Jr., appearing *pro se*, filed this action against defendants. By Memorandum and Order dated February 1, 2012, the court dismissed this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The court further directed plaintiffs to show cause, within 30 days, why they should not be barred from filing any new *in forma pauperis* action given plaintiffs' litigation history, see Order dated February 1, 2012, slip op. at 4-5 (setting forth plaintiffs' litigation history), without first obtaining leave of court. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993); 28 U.S.C. § 1651(a).

More than 30 days have elapsed and plaintiffs have not filed an affidavit or other document in response to the court's order. Although the affidavit was due by March 5, 2012, the court has allowed additional time for plaintiffs to file. Even with additional time allowed, plaintiffs have failed to comply with the court's order.

Instead, plaintiffs have filed four documents: (1) a credit union statement dated December 17, 2002 (ECF #5), (2) a letter to defendants dated October 25, 2002 (ECF #6), (3) another credit union document dated October 25, 2002 (ECF #7), and (4) a letter from Citywide Administration Services, Exam Support Group, dated August 5, 2010. None of these submissions, even when liberally construed, address why plaintiffs should not be barred from filing any future *in forma pauperis* action in this court without first obtaining leave of the court to file. Given plaintiffs' litigation history and their failure to provide good cause why they should not be barred, the court has no other recourse but to bar plaintiffs Barbara J. Zinnamon (also known as Barbara Zinnamon) and Dwight Davidson, Jr. from filing any new *in forma pauperis* action in this court without first obtaining the court's permission in order to preserve judicial resources.

## Conclusion

Accordingly, it is **ORDERED** that

(1) Barbara J. Zinnamon (also known as Barbara Zinnamon) and Dwight Davidson Jr., are enjoined from filing any new *in forma pauperis* action in this court without first obtaining leave of court; and

(2) the Clerk of Court is directed to return to Ms. Zinnamon and/or Mr. Davidson, Jr., without filing, any new *in forma pauperis* action which is received without a separate application seeking leave to file; and

(3) if the court grants Ms. Zinnamon and/or Mr. Davidson, Jr. leave to file a new action, the civil action shall be filed and assigned a civil docket number; and

(4) if leave to file is denied, Ms. Zinnamon and/or Mr. Davidson's submission shall be filed on the court's miscellaneous docket and a summary order denying leave to file shall be entered; no further action will be taken. 28 U.S.C. § 1651.

Plaintiffs are warned that the continued submission of further frivolous documents may result in the imposition of additional sanctions, including monetary penalties. 28 U.S.C. § 1651. See, e.g., Malley v. Corp. Counsel of the City of New York, 9 F.App'x 58, 59 (2d Cir. 2001) (affirming imposition of $1,500 sanction on *pro se* litigant).

Nothing herein shall be construed to prohibit plaintiffs from filing an appeal of this Memorandum and Order; however, the court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438. 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: April 6, 2012
Brooklyn, New York